**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| ROBERTO MENDOZA, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | |
| ) | Case No. _____ |
| CONNECTICUT CLOSET AND ) | |
| SHELF, L.L.C., CT HOME ) | |
| IMPROVEMENT SERVICES LLC, and ) | (JURY TRIAL DEMANDED) |
| CINDY BERNIER, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## COMPLAINT

1. Plaintiff Roberto Mendoza is a former employee of the defendants Connecticut Closet and Shelf, L.L.C., CT Home Improvement Services LLC, and Cindy Bernier, and he brings this action under the Fair Labor Standards Act ("FLSA") on behalf of himself and all others similarly situated, and under Connecticut state law, because of the defendants' unlawful deprivation of his rights to overtime compensation. Plaintiff seeks a declaratory judgment under 28 U.S.C. § 2201 and compensation, damages, equitable and other relief available under the FLSA, as amended, 29 U.S.C. § 201, *et seq.*, and Connecticut General Statute § 31-71c.

## JURISDICTION AND VENUE

2. Jurisdiction is conferred on this Court by 29 U.S.C. § 216(b), 28 U.S.C. § 1331, 28 U.S.C. § 1337, and 28 U.S.C. § 1367(a).

3. Venue lies within this District pursuant to 28 U.S.C. § 1391.

## PARTIES

4. Plaintiff Mendoza has given his written consent to be a party plaintiff in this action pursuant to 29 U.S.C. § 216(b) of the FLSA. Such written consent is appended to this Complaint

as Exhibit 1. Plaintiff Mendoza brings this action on behalf of himself and all others similarly situated in accordance with 29 U.S.C. § 216(b) of the FLSA against the Defendants, because of the Defendants' unlawful deprivation of Plaintiff Mendoza's right to overtime pay in accordance with the FLSA.

5. Plaintiff Mendoza was jointly employed by Defendants to perform labor including but not limited to building and installing shelving and closet systems. Plaintiff was employed by Defendants from approximately 1981 until his termination on October 28, 2018.

6. At all times relevant herein, Plaintiff was an "employee" of Defendants within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(e)(1) and Connecticut General Statute § 31-71a.

7. Defendant Connecticut Closet and Shelf, L.L.C. was a Connecticut corporation headquartered at 26 Fitch Street, Norwalk, CT 06855. Defendant Connecticut Closet and Shelf's registered agent for service of process is James J. Ullrich, C.P.A., located at 16 Carlin St., Norwalk, CT 05681. Defendant Connecticut Closet and Shelf was dissolved as a corporate entity on January 3, 2018, upon sale of the company.

8. Defendant CT Home Improvement Services LLC is a Connecticut corporation headquartered at 26 Fitch Street, Norwalk, CT 06855. Defendant CT Home Improvement Services' registered agent for service of process is Ivey, Barnum & Omara, LLC, located at 170 Mason St., Stop JAH, Greenwich, CT 06830. Defendant CT Home Improvement Services is the successor in interest to Defendant Connecticut Closet and Shelf.

9. Defendant Cindy Bernier is the owner and President of Connecticut Closet and Shelf and is an individual who, upon information and belief, is a resident and citizen of the state

of Connecticut. At all times material, Defendant Bernier has or did control directly or indirectly the management of Defendant Connecticut Closet and Shelf.

10. At all times material to this action, Defendants have been enterprises engaged in commerce as defined by 29 U.S.C. § 203(r)(1), with an annual dollar business volume in excess of $500,000. At all times material herein, Defendants have actively been conducting business in Connecticut.

11. Defendants are, and at all material times have been, "employers" within the meaning of the FLSA, 29 U.S.C. § 203(d).

## FACTS

12. Within the last three years and continuing until his separation from employment on October 28, 2018, Plaintiff Mendoza's job duties while working for Defendants included, but were not limited to: running machinery including but not limited to bending and drilling machines; cutting raw material to be made into shelving and closet systems; lifting and carrying raw materials; finishing and preparing materials for installation; assisting installers in gathering materials from the workshop needed for installations; installing closets and shelving systems; and inventorying the materials and products in the workshop.

13. While working for Defendants, Plaintiff Mendoza routinely worked over 40 hours in a workweek. However, the Defendants failed to compensate him and all others similarly situated for all hours worked over 40 in a workweek at a rate of one and one-half times their regular rates of pay. Specifically, Defendants failed to compensate Plaintiff Mendoza for hours worked before the start of his scheduled shift and after the end of his scheduled shift which were recorded in the Defendants' timekeeping system.

14. Plaintiff was regularly scheduled to work 8 hours per day, five days per week. His regular schedule was 6 am to 2 pm. Thus, Plaintiff Mendoza was regularly scheduled to and did perform a minimum of 40 hours of work per workweek.

15. Plaintiff Mendoza frequently worked overtime beyond his scheduled 40 hours a week for which he received no compensation, and when doing so, he performed his regular job duties described in paragraph 12 above. Specifically, he routinely worked additional hours before the official start time of his scheduled shifts, after the end of his regularly scheduled shifts, and on weekends without compensation. This pre-shift and post-shift work caused Plaintiff Mendoza to work in excess of 40 hours per week because it was done in addition to working his regularly scheduled 40 hours per week.

16. Prior to leaving, Plaintiff Mendoza clocked out on a time clock. If Plaintiff Mendoza was in the field performing a closet installation during his shift, he would return to the workshop to return extra building materials and then clock out prior to going home.

17. At the end of each week, Plaintiff Mendoza was required to add up the total amount of time recorded on the time clock and note the total hours for that week by hand on a chart titled "Extra Accumulated Hours."

18. Regardless of the number of total hours per week recorded on the "Extra Accumulated Hours" sheet, Defendants only paid Plaintiff Mendoza for 40 hours.

19. Each week, Defendants added the number of hours over 40 recorded to the previously "accumulated" hours over 40 noted in the final column on the "Extra Accumulated Hours" chart. On weeks when Plaintiff Mendoza worked less than 40 hours—typically because the Defendants told him to go home early because he had too many "accumulated hours"—the

4

Defendants would subtract hours from his "accumulated extra hours" total to bring him up to 40 hours for that workweek.

20.     To the limited extent any of the "accumulated hours" were "borrowed" to bring Plaintiff Mendoza up for 40 hours for that week and were paid, they were paid only at a straight time rate and not at one and one-half times his regular rate of pay.

21.     Other than the hours "borrowed" and paid as described above in Paragraphs 20-21, Plaintiff Mendoza has never been paid for the overtime hours worked and recorded in the "accumulated hours" column of his timesheets during the relevant time period.

22.     Upon information and belief, all similarly situated employees of Defendants utilized the same timekeeping system and recorded their hours worked in the "Extra Accumulated Hours" charts, but were not paid for all of the time recorded in these charts, as described in Paragraphs 18-21.

23.     For example, from October 28, 2017, through November 3, 2017, plaintiff Mendoza worked a regular schedule of 40 hours. Because he performed his job duties before and after his shift, and also worked an approximately 20 hours of additional time on Saturday, October 28, 2017, and Sunday, October 29, 2017, Plaintiff Mendoza worked over 60 hours during that week. However, plaintiff Mendoza was paid for only the 40 scheduled hours of work he performed and was not paid any overtime compensation.

24.     Similarly, in addition to his regular shifts, Plaintiff Mendoza worked on Saturdays and Sundays in October, November, and December 2017. However, as noted above, he was never paid at all for this overtime work, let alone paid at one and one-half times his regular rate.

25.     In December 2017, Plaintiff Mendoza texted Defendant Bernier requested that she pay him for the 212 ¼ hours of overtime compensation owed for overtime work he performed on

Saturdays and Sundays in October, November and December 2017. Plaintiff Mendoza explained to Defendant Bernier that he should be paid this money as overtime compensation, not as a "bonus." Defendant Bernier never responded to this text message and she never paid him the overtime compensation owed.

26. With the exception of the time period of October through December 2017, Plaintiff Mendoza worked, on average, approximately 41-46 hours per week, approximately three weeks per month. Plaintiff Mendoza was not paid time and one-half overtime pay for those hours worked over 40 in a workweek.

27. In January 2018, Defendant Bernier sold Connecticut Closet and Shelf to Katja Stocker. Although Ms. Stocker continued to operate and manage Connecticut Closet and Shelf, she changed the name of the business to CT Home Improvement Services LLC. Connecticut Closet and Shelf, L.L.C. was subsequently dissolved as a corporate entity.

28. When Connecticut Closet and Shelf became CT Home Improvement Services LLC, it continued to operate out of the same location in Norwalk, CT with the same workforce. Moreover, the jobs and working conditions remained the same, as did the machinery, equipment and production methods used to provide the exact same products and services.

29. On October 2, 2018, Plaintiff Mendoza fell off a ladder at work and was seriously injured. He sought medical treatment and was unable to return to work after this date. On October 28, 2018, Defendants terminated Plaintiff Mendoza's employment.

30. To date, Plaintiff Mendoza has not received any of the overtime compensation he is owed by Defendants resulting from his employment.

## **COUNT I**

### **FAILURE TO PAY OVERTIME FOR ALL HOURS SUFFERED OR PERMITTED TO WORK IN VIOLATION OF SECTION 7(a) OF THE FLSA, 29 U.S.C. § 207(a)**

31.     Plaintiff hereby incorporates by reference Paragraphs 1 through 30 in their entirety and restates them herein.

32.     At all times material herein, during those workweeks in which Plaintiff Mendoza and all others similarly situated have worked in excess of 40 hours in a week, they have performed work activities including but not limited to the tasks enumerated in Paragraph 12 without compensation before the start of their shift, after the end of their scheduled shift, and on weekends. This unpaid overtime is recorded on the timesheets submitted to the Defendants. Accordingly, as a result of these pay practices, Defendants have failed to provide Plaintiff and all others similarly situated with the rights and protections provided under Section 7(a) of the FLSA, 29 U.S.C. § 207(a).

33.     Section 207 of the FLSA requires the payment of overtime compensation to employees who work in excess of the hourly standards set forth therein. In particular, Section 207(a) requires the payment of overtime compensation at the rate of one and one-half times each employee's regular rate of pay for all hours employees are suffered or permitted to work in excess of 40 hours per week. Defendants have failed to comply with the overtime pay requirements of the FLSA by failing to compensate Plaintiff Mendoza and all others similarly situated for work that they have been suffered or permitted to perform before the official start time of their scheduled shifts and after the end of their scheduled shifts, and on weekends.

34.     Pursuant to 29 U.S.C. § 216(b), Plaintiff and all others similarly situated are entitled to recover backpay, liquidated damages in an amount equal to their backpay damages for the Defendants' failure to pay overtime compensation, plus attorneys' fees and costs.

35. As a result of Defendants' willful and purposeful violations of the FLSA, there have become due and owing to Plaintiff Mendoza and all others similarly situated an amount that has not yet been precisely determined. The employment and work records for Plaintiff Mendoza and all others similarly situated are in the exclusive possession, custody and control of the Defendants and Plaintiff Mendoza and all others similarly situated are unable to state at this time the exact amount owing to them. Defendants are under a duty imposed by the FLSA, 29 U.S.C. § 211(c), and various other statutory and regulatory provisions, to maintain and preserve payroll and other employment records with respect to Plaintiff Mendoza and similarly situated employees from which the amount of Defendants' liability can be ascertained.

## COUNT II

### FAILURE TO PAY ALL WAGES IN FULL WITHIN ONE BUSINESS DAY OF AN EMPLOYEE'S DISCHARGE PURSUANT TO CONN. GEN. STAT. § 31-71c(b)

36. Plaintiff hereby incorporates by reference Paragraphs 1 through 35 in their entirety and restates them herein.

37. Conn. Gen. Stat. § 31-71c(b) requires that "Whenever an employer discharges an employee, the employer shall pay the employee's wages in full not later than the business day next succeeding the date of such discharge."

38. Defendants terminated Plaintiff Mendoza on October 28, 2018. At the time of his termination, Defendants still owed him overtime compensation for hours suffered or permitted to be worked before the start of his scheduled shifts and after the end of his scheduled shifts, and on weekends, as described *supra*. However, Defendants failed to provide this owed overtime compensation to Plaintiff Mendoza within one business day of his termination. Accordingly, Defendants have violated Plaintiff Mendoza's rights to full compensation upon termination under Connecticut law.

39. Defendants' violations of Conn. Gen. Stat. § 31-71c were done in a bad faith manner.

40. Pursuant to Conn. Gen. Stat. § 31-72, Plaintiff is entitled to recover twice the full amount of the wages owed, plus reasonable attorneys' fees and costs.

41. As a result of Defendants' bad faith violations of Connecticut law, there have become due and owing to Plaintiff Mendoza an amount that has not yet been precisely determined. The employment and work records for Plaintiff Mendoza are in the exclusive possession, custody and control of the Defendants and Plaintiff Mendoza is unable to state at this time the exact amount owing to him. Defendants are under a duty imposed by Conn. Gen. Stat. § 31-66 and various other statutory and regulatory provisions, to maintain and preserve timekeeping, payroll and other employment records with respect to Plaintiff Mendoza from which the amount of Defendants' liability can be ascertained.

## DEMAND FOR A JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands that his claims be tried before a jury.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff hereby prays that this Court:

(a) Enter judgment declaring that the Defendants have willfully and wrongfully violated their statutory obligations under the FLSA, and deprived Plaintiff and all others similarly situated of their rights under the FLSA;

(b) Enter judgment declaring that the Defendants have violated their statutory obligations under Connecticut state law in bad faith and deprived Plaintiff of his rights under Connecticut state law;

(c) Order a complete and accurate accounting of all the compensation to which the Plaintiff and all others similarly situated are entitled;

(d) Award Plaintiff and all others similarly situated backpay equal to the unpaid overtime compensation owed for work performed during the past three years;

(e) Award Plaintiff and all others similarly situated liquidated damages equal to their unpaid overtime compensation;

(f) Award Plaintiff and all others similarly situated their reasonable attorneys' fees to be paid by the Defendants, as well as the costs and disbursements of this action; and

(g) Grant such other relief as may be just and proper.

Respectfully submitted,

*/s/ Barbara J. Collins*
Barbara J. Collins
Law Office of Barbara J. Collins
557 Prospect Avenue, 1st Floor
Hartford, CT 06106
Phone: (860) 570-4627
bcollins@barbarajcollins.com

*/s/ Sara L. Faulman*
Sara L. Faulman *(pro hac vice to be submitted)*
Sarah M. Block *(pro hac vice to be submitted)*
McGILLIVARY STEELE ELKIN LLP
1101 Vermont Ave., N.W.
Suite 1000
Washington, DC  20005
Phone: (202) 833-8855
slf@mselaborlaw.com
smb@mselaborlaw.com