# EXHIBIT 1

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| ROBERTO MENDOZA,<br><br>        Plaintiff,<br>vs.<br><br>CONNECTICUT CLOSET AND SHELF, L.L.C., CT HOME IMPROVEMENT SERVICES LLC, and CINDY BERNIER,<br><br>        Defendants. | Case No. 3:20-cv-01449-KAD |

## SETTLEMENT AGREEMENT BETWEEN PLAINTIFF AND DEFENDANTS CONNECTICUT CLOSET AND SHELF, L.L.C. AND CINDY BERNIER

On September 24, 2020, Plaintiff Mendoza filed the instant lawsuit against Connecticut Closet and Shelf, LLC., Cindy Bernier, and CT Home Improvement Services, Inc. This Agreement does not concern or otherwise resolve Plaintiffs' claims against Defendant CT Home Improvement Services, Inc. This Settlement Agreement ("Agreement") is made and entered into by and among the Plaintiff Roberto Mendoza and Defendants Connecticut Closet and Shelf, L.L.C. and Cindy Bernier ("Defendants") (hereinafter collectively referred to as the "Parties").

**I.    RECITALS**

1.1. The Parties have been engaged in a dispute or controversy in connection with alleged violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207, and Connecticut General Statute § 31-71c(b). Plaintiff alleges that the Defendants failed to compensate him for all overtime hours worked during the time period from September 24, 2017, through January 3, 2018, in accordance with the FLSA and Connecticut state law. Defendants deny these allegations.

1.2. Plaintiff and Defendants Connecticut Closet and Shelf, L.L.C. and Cindy Bernier have agreed to settle the matters in dispute between and among them pursuant to the terms of this

Agreement. Specifically, the Parties and their counsel have considered that the interests of all concerned are best served by compromise, settlement, and dismissal of the Plaintiffs' claims against Defendants with prejudice. The Parties have concluded that the terms of this Agreement are fair, reasonable, adequate, and in the Parties' mutual best interests.

1.3. The Parties agree that this Agreement is entered into solely on the basis of a compromise of disputed claims and this Agreement is not, and is not to be construed as, an admission by Defendants of any liability whatsoever as to the claims asserted in this action.

1.4. The Parties agree that this Agreement does not affect the Plaintiff's right to pursue claims against the remaining defendant, CT Home Improvement Services, Inc.

1.5. The Parties agree that this Agreement does not affect any of Plaintiff's pending claims related to his employment by CT Home Improvement Services, Inc. which are unrelated to any wage and hour claims, including but not limited to his pending discrimination and wrongful discharge action, dual filed with the Connecticut Commission on Human Rights and Opportunities (Case No. 2020112) and the Equal Employment Opportunity Commission (Case No. 16A-2019-01716).

1.6. The Parties, through their counsel, will hereby seek judicial approval of this Agreement. In the event the proposed settlement contained in this Agreement does not become effective in accordance with the terms hereof, is not finally approved, is terminated, cancelled or otherwise fails to become effective for any reason, this Agreement will no longer have any effect and the Parties will revert to their respective positions as of the date and time immediately prior to the execution of this Agreement.

1.7. Upon final approval of the Agreement by the Court, the effective date of this Agreement (the "Effective Date") shall be considered the date that this Agreement was submitted to the Court for final approval.

## II. PAYMENT AND DISTRIBUTION

2.1. In consideration for the terms, conditions, and promises in this Agreement, Defendants shall pay or shall cause to be paid to Plaintiff the total sum of $13,500.00 to resolve all claims for damages under the FLSA and Connecticut General Statute § 31-71c(b) for time spent working for Defendants and allegedly accruing from September 24, 2017, through the date this Agreement is filed with the Court for approval ("the Settlement Amount").

2.2. The Settlement Amount will be divided and distributed as follows. Defendants will issue two checks to McGillivary Steele Elkin LLP, with one check representing the amount to be treated as backpay ($6,750, subject to tax withholdings) payable to Plaintiff and one check representing the amount to be treated as liquidated damages ($6,750) payable to McGillivary Steele Elkin LLP. The Defendants are responsible for ensuring that employer payroll taxes associated with the backpay payments are paid. After deducting the contingency attorney's fee amount consistent with the Plaintiff's individual agreement with Plaintiff's counsel, as set forth in Paragraph 2.3, Plaintiff's counsel will be responsible for distributing the backpay and liquidated damages portions of the Settlement Amount to Plaintiff.

2.3. Plaintiff has entered into an individual agreement with Plaintiff's counsel providing for a contingency attorney's fee amount equal to thirty-three and one-third percent (33.33%) of the Settlement Amount, calculated after all the expenses are deducted from the Settlement Amount. Plaintiff and his counsel are solely responsible for determining the contingency attorneys' fee

applicable to this Agreement. Plaintiff's counsel shall deduct their contingency attorneys' fee in accordance with Plaintiff's individual agreement with Plaintiffs' counsel.

2.4. Within three (3) calendar days of the date the Court approves this Agreement, Plaintiff's counsel McGillivary Steele Elkin LLP will provide a W-9 tax form to Defendants. Fourteen (14) calendar days of the date that the Defendants receive the W-9 form from Plaintiff's Counsel, Defendants will forward to Plaintiff's counsel the check described in Paragraph 2.2. Plaintiff's counsel will be responsible for distributing the settlement checks representing backpay and liquidated damages to Plaintiff. If Defendants fail to provide the payments described in Paragraph 2.2 within fourteen (14) calendar days of the date that the Defendants receive the W-9 form from Plaintiff's counsel, interest shall accrue on any unpaid settlement amounts at the rate of ten percent (10%), as set forth in Connecticut General Statute § 37-3a(a).

2.5. On or before January 31, 2022, Defendants shall distribute to Plaintiff's Counsel, McGillivary Steele Elkin LLP, all applicable tax forms, if any, reflecting payments made pursuant to Paragraph 2.2 of this Agreement. Defendants shall be responsible for ensuring that employer payroll taxes associated with the payments are paid. None of the Parties make any representations regarding the tax consequences or liability of the foregoing payments.

III. RELEASES

3.1. In consideration for the payment by and other obligations of Defendants in this Agreement, Plaintiff Mendoza, on behalf of his heirs, executors, administrators and assigns, hereby waives and forever releases and discharges Defendants (and their present, former, and future parent and subsidiary companies, affiliates, directors, officers, employees, agents and any of their successors and assigns) from any and all claims and causes of action of any kind that can be properly waived by law, including but not limited to claims for wrongful discharge, discrimination,

including discrimination under the Age Discrimination in Employment Act or under state and federal law, and/or breach of contract that he now has or had, against Defendants (and its present, former, and future parent and subsidiary companies, affiliates, directors, officers, employees, agents and any of their successors and assigns) whether or not now known, which arose or could have arisen prior to his execution of this Agreement. Consistent with Paragraphs 1.4 and 1.5, this Release also does not extend to, nor purport to release, any statutory or common law claim(s) currently in other litigation between and among the Plaintiff and Defendant CT Home Improvement Services or any statutory or common law claim(s) that could be raised by Plaintiff against Defendant CT Home Improvement Services.

    3.2.    Plaintiff shall be deemed to and shall have waived, released, discharged and dismissed all released claims against Defendants as set forth in Paragraph 3.1, with full knowledge of any and all rights he may have, and Plaintiff hereby assumes the risk of any mistake in fact in connection with the true facts involved or with regard to any facts which are now unknown to him.

    3.3.    Plaintiff agrees that he is entering into this Agreement knowingly, voluntarily, and with full knowledge of its significance, and affirms that he has not been coerced, threatened, or intimidated into agreeing to the terms of this Agreement, and he/she has been advised to consult with their attorney should they have any questions.

    **IV.**    **DISMISSAL OF CLAIMS**

    4.1.    Plaintiff agrees to dismissal of all claims against Defendants Connecticut Closet and Shelf, L.L.C. and Cindy Bernier, as specified in Paragraph 3.1, with prejudice. Plaintiff agrees that within seven (7) days of the Court's approval of the Settlement, Plaintiff will file a Notice of Dismissal with the Court.

    **V.**    **NO ADMISSION OF LIABILITY**

5.1. Defendants do not admit any allegations made against it in any charges, complaints, grievances, or lawsuits currently pending between and among the Parties. Nothing contained in this Agreement shall be deemed an admission of liability or of any violation of any applicable law, rule, regulation, order or contract of any kind.

VI. **CONTINUED JURISDICTION**

6.1. The U.S. District Court for the District of Connecticut shall have continuing jurisdiction to construe, interpret and enforce provisions of this Agreement, and to hear and adjudicate any dispute or litigation arising from this Agreement or the issues of law and facts asserted in or related to the instant action.

VII. **PARTIES' AUTHORITY**

7.1. The signatories hereby represent that they are fully authorized to enter into this Agreement and to bind the Parties hereto to the terms and conditions hereof. The Parties acknowledge that the Court will review the terms of the Agreement to determine that they are reasonable and fair.

7.2. The Parties acknowledge that they have been represented by competent, experienced counsel throughout all negotiations which preceded the execution of this Agreement, and this Agreement is made with the consent and advice of counsel who have jointly prepared this Agreement.

7.3. Plaintiff acknowledges that: He had twenty-one (21) days to consider this Agreement before signing it; Defendants advised him to consult with an attorney before signing it; he was represented by MCGILLIVARY STEELE ELKIN LLP, 1101 Vermont Ave., N.W., Suite 1000, Washington, DC 20005; and he may revoke this Agreement within seven (7) days after signing it.

7.4. Any signature made and transmitted by facsimile, email, or verified electronic signature program such as DocuSign for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement.

### VIII. MUTUAL FULL COOPERATION

8.1. The Parties agree to use their best efforts and to fully cooperate with each other to accomplish the terms of this Agreement, including but not limited to, execution of such documents and to take such other action as may reasonably be necessary to implement and effectuate the terms of this Agreement.

### IX. ENFORCEMENT ACTIONS

9.1. In the event that one or more of the Parties to this Agreement institutes any legal action, arbitration, or other proceeding against any other party or parties to enforce the provisions of this Agreement, the successful party or parties shall be entitled to recover from the unsuccessful party or parties' reasonable attorneys' fees and costs, including expert witness fees incurred in connection with any enforcement actions.

### X. MODIFICATION

10.1. This Agreement and its attachments may not be changed, altered, or modified, except in writing and signed by the Parties hereto, and approved by the Court.

### XI. ENTIRE AGREEMENT

11.1. This Agreement and its attachments constitute the entire agreement between the Parties concerning the subject matter hereof. No extrinsic oral or written representations or terms shall modify, vary or contradict the terms of this Agreement. In the event of any conflict between this Agreement and any other settlement-related document, the Parties intend that this Agreement shall be controlling.

XII.     **CHOICE OF LAW/JURISDICTION**

    12.1. This Agreement shall be subject to, governed by, construed, enforced, and administered in accordance with the laws of the State of Connecticut, both in its procedural and substantive aspects, and shall be subject to the continuing jurisdiction of the United States District Court for the District of Connecticut. This Agreement shall be construed as a whole according to its fair meaning and intent, and not strictly for or against any party, regardless of who drafted or who was principally responsible for drafting this Agreement or any specific term or condition thereof.

XIII.     **VOIDING THE AGREEMENT**

    13.1. In the event this Agreement, or any amended version agreed upon by the parties does not obtain judicial approval for any reason, this Agreement shall be null and void in its entirety, unless expressly agreed in writing by all Parties.

[REMAINDER OF PAGE INTENTIONALLY BLANK]

IN WITNESS WHEREOF, the undersigned have duly executed this Agreement as of the dates indicated below:

Plaintiff By:

_DocuSigned by: [signature] 478BB582115F4B6..._　　　　　　　　　　　　　　　Date: 1/27/2021
Roberto Mendoza

*Plaintiff*

/s/ Sara L. Faulman　　　　　　　　　　　　　　　Date: January 27, 2021
Sara L. Faulman
Sarah M. Block
McGillivary Steele Elkin LLP
1101 Vermont Ave. NW
Suite 1000
Washington, DC 20005
Phone: (202) 833-8855
slf@mselaborlaw.com
smb@mselaborlaw.com

Barbara J. Collins
Law Office of Barbara J. Collins
557 Prospect Avenue, 1st Floor
Hartford, CT 06106
Phone: (860) 570-4627
bcollins@barbarajcollins.com

*Attorneys for Plaintiff Mendoza*

Defendants By:

/s/ Paul S. Tagatac　　　　　　　　　　　　　　　Date: January 27, 2021
Paul S. Tagatac
Michelson, Kane, Royster & Barger, P.C.
10 Columbus Boulevard
Hartford, CT 06106
Phone: (860) 522-1243
ptagatac@mkrb.com

*Attorneys for Defendants Connecticut Closet and Shelf, L.L.C. and Cindy Bernier*

9